UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN OLSON,

        Plaintiff,

v.                                          Case No. 12-C-1126

BEMIS COMPANY, INC. et al.,

        Defendants.

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

Plaintiff Steven Olson filed a complaint alleging a breach of a collective bargaining agreement by his former employer, Bemis Company, Inc. (Bemis) and alleging a breach of the duty of fair representation by United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial, and Service Workers International Union (International Union) and United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial, and Service Workers International Union, Local 2–0148 (Local Union). Defendant International Union filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that Olson failed to state a claim on which relief could be granted as to International Union. Thereafter, Olson filed an amended complaint pursuant to Rule 15(a)(1) and a brief in response to International Union's motion to dismiss. International Union did not file a reply. The motion is now ripe for resolution and for the reasons stated in this opinion, International Union's motion to dismiss is denied as moot.

International Union's brief in support of its motion to dismiss is predicated on what it contends is the legal insufficiency of Olson's original complaint. Under Rule 15(a)(1)(B), a party

may amend its pleading once as a matter of course within 21 days after service of either "a responsive pleading or . . . a motion under Rule 12(b) . . . whichever is earlier." Defendants filed their answer to Olson's original complaint on December 6, 2012. Olson filed his amended complaint on December 10, 2012, clearly within 21 days of the filing of Defendants' answer.

"Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2010); *see also Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir. 1958); *Doe v. Williston Northampton School*, 766 F. Supp. 2d 310, 313 (D. Mass. 2011). In general, an amended complaint that supersedes the original complaint "will . . . moot any pending motions to dismiss." *Nicosia v. Diocese of Reno*, No. 3:10-cv-00667-HDM-RAM, 2011 WL 1447686, at *1 (D. Nev. Apr. 14, 2011) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)). However, "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may consider the motion as being addressed to the amended pleading." 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1476.

On review of International Union's brief in support of its motion, it is clear that Olson's amended complaint has mooted International Union's arguments. Olson has not incorporated by reference any portion of the original complaint in his amended complaint. Olson's arguments in opposition to International Union's motion to dismiss are all predicated on the sufficiency of his amended complaint. The fact that International Union neglected to file a reply to Olson's opposition brief is itself an implicit concession that its arguments in support of its motion to dismiss

are no longer relevant.  Moreover, International Union has not pointed out to the Court what defects raised in its original motion to dismiss remain in Olson's amended pleading.  Finally, International Union's motion to dismiss hinged on its argument that Olson failed to allege what actions it had taken contrary to Olson's interests.  (Def. Br. in Supp. 3 ("[T]he allegations of Plaintiff's complaint make clear that it was the Local Union, not the International Union, that made the decision that Plaintiff's grievance lacked sufficient merit to pursue"), ECF No. 15.)  International Union's argument as to the deficiency of Olson's pleading on this basis no longer has any merit in view of Olson's amended complaint which alleges that International Union was directly involved in the decision to accept Bemis' offer of settlement rather than take his grievance to arbitration.  (Am. Compl. ¶¶ 19-23.)

Based on the forgoing, International Union's motion to dismiss is **denied as moot**.  If all parties have now appeared, the Clerk is directed to set this matter on the court's calendar for a telephone scheduling conference.

**SO ORDERED** this   14th   day of February, 2013.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court